## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DECORA A. SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL NO. 05-0429-WS-C** |
| | ) | |
| **WEST FACILITIES CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

On July 24, 2005, plaintiff Decora A. Smith filed a Motion to Amend and Dismiss the Federal Claim with Prejudice (doc. 4). According to the Motion, the proposed amendment is intended to withdraw the federal cause(s) of action pleaded in the original complaint, including specifically any and all claims under 42 U.S.C. §§ 1981, 1981a and 1988.

**A.    *Plaintiff's Motion to Amend the Complaint.***

Plaintiff's Motion is unnecessary, inasmuch as he has a right to amend his pleading at this time as a matter of course. The court file reflects the following salient facts: (a) plaintiff filed this action in the Circuit Court of Mobile County, Alabama on June 13, 2005; (b) defendant was served with the Summons and Complaint via certified mail, return receipt requested, on June 23, 2005; (c) defendant filed a Notice of Removal on July 22, 2005; and (d) to date, defendant has not filed and served a responsive pleading to the Complaint.

Pursuant to Rule 15(a), Fed.R.Civ.P., a party may amend its pleading "once as a matter of course at any time before a responsive pleading is served." *Id.* Thus, a plaintiff generally has an absolute right to amend his complaint once before a responsive pleading has been filed. *See Adams v. Quattlebaum*, 219 F.R.D. 195, 197 (D.D.C. 2004) ("under Rule 15(a) the plaintiff enjoys an "absolute right" to amend the complaint once at any time prior to a responsive pleading or the granting of a motion to dismiss"). Where such a right exists, a plaintiff may exercise it even in the absence of judicial authorization or formal acquiescence. *See American Charities for Reasonable Fundraising*

Dockets.Justia.com

*Regulation, Inc. v. Shiffrin*, 46 F. Supp.2d 143, 154 (D. Conn. 1999) ("Where the plaintiff may amend as of a matter of course, however, no examination of judicial authority is implicated because such amendment is permitted to take place without judicial scrutiny."); *Soderman v. Horan*, 165 F.R.D. 8, 10 n.3 (D. Mass. 1996) (explaining that plaintiff was not required to seek leave to amend where defendant had not filed a responsive pleading for Rule 15(a) purposes).

In this case, defendant has filed a Notice of Removal in response to the original Complaint; however, it has never filed an Answer. Notices of removal do not constitute "responsive pleadings" for Rule 15(a) purposes. *See Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 n. 2 (7th Cir. 1998) (defining "responsive pleading" by reference to Rule 7(a), which sets forth "exclusive list" of what constitutes a "pleading," to-wit: complaint, answer, reply to counterclaim, answer to a crossclaim, third-party complaint, and third-party answer); *Lambert v. Gates County*, 2001 WL 34556317, *1 (E.D.N.C. Feb. 13, 2001) ("A Notice of Removal is not a "responsive pleading" for purposes of Rule 15(a)."); *Wisehart, Friou & Koch v. Hoover* 473 F. Supp. 945, 947 n.1 (S.D.N.Y. 1979) ("Because the action was removed from state court before a responsive pleading was served, the plaintiff still had the opportunity at that point to amend the complaint as of right pursuant to Rule 15(a).").

Inasmuch as plaintiff's Motion to Amend was submitted at a time during which he was entitled to amend his Complaint as a matter of right, the Court lacks discretion to deny the requested amendment. *See, e.g., Vernell for and on Behalf of Vernell v. U.S. Postal Service*, 819 F.2d 108, 110 (5th Cir. 1987) ("When a plaintiff who has a right to amend nevertheless petitions the court for leave to amend, the court should grant that petition."); *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("seeking leave to amend does not, by itself, invoke the district court's discretionary authority to deny leave if the amendment would otherwise fall within the purview of the first sentence of Rule 15(a)"). Clearly, then, plaintiff is entitled to amend his Complaint as of right, without prior permission from this Court.[1] His Motion is **granted**, and the Clerk's Office is **directed** to

---

[1]        In that regard, the circumstances of this case may be contrasted with those in which a plaintiff seeks to amend his complaint post-removal to add parties in a manner that would destroy

docket the proposed pleading appended to the Motion as plaintiff's First Amended Complaint herein.

Per the express terms of plaintiff's Motion, all federal causes of action asserted in the initial Complaint,

including those under 42 U.S.C. §§ 1981, 1981a and 1988, are **dismissed with prejudice**.

### B. Subject Matter Jurisdiction.

Having confirmed plaintiff's right to amend his Complaint without judicial authorization, the

Court observes that federal subject matter jurisdiction over the Amended Complaint may be lacking.

Federal courts have limited subject matter jurisdiction, and are empowered to decide only certain types

of cases. *See Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000);

*University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In

particular, lower federal courts can hear only cases for which Congress has granted them jurisdiction.

Once a federal court determines that no grant of jurisdiction applies in a particular case, it must dismiss

the case for lack of jurisdiction. *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6

(11th Cir. 2001); *Morrison*, 228 F.3d at 1261; *University of South Alabama*, 168 F.3d at 409-10.

Given its narrowly circumscribed jurisdictional grant, this Court bears an affirmative duty to

inquire *sua sponte* whenever it appears that subject matter jurisdiction may be lacking. *See Fitzgerald*

*v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the

power but also the obligation at any time to inquire into jurisdiction whenever the possibility that

---

diversity jurisdiction. *See* 28 U.S.C. § 1447(e) (providing that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court"); *Bevels v. American States Ins. Co.*, 100 F. Supp.2d 1309, 1312 (M.D. Ala. 2000) ("This court agrees with the reasoning of other federal courts that 28 U.S.C. § 1447(e), rather than Rule 15(a), should apply when a plaintiff seeks to amend a complaint to destroy diversity jurisdiction after removal."); *Clinco v. Roberts*, 41 F. Supp.2d 1080, 1086-87 & n.4 (C.D. Cal. 1999) (adopting and explaining prevailing view that § 1447(e) precludes Rule 15(a) application to allow amendment as of right to destroy diversity jurisdiction). By its terms, § 1447(e) applies only to post-removal amendments joining additional defendants whose presence would undermine diversity jurisdiction. It does not purport to alter the Rule 15(a) standard with respect to post-removal amendments to withdraw federal causes of action. Because plaintiff's amendment here does not add non-diverse defendants, and because federal subject matter jurisdiction in this case is not predicated on diversity in any event, neither § 1447(e) nor the *Bevels* line of authority has any bearing on the pending Motion.

jurisdiction does not exist arises."); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."). Indeed, as the Eleventh Circuit has explained, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them." *University of South Alabama*, 168 F.3d at 410.

Defendant's Notice of Removal did not assert, and nothing in the court file suggests, that federal jurisdiction over this action could be predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332. Moreover, plaintiff's abandonment of his § 1981 and related claims divests this action of its only federal question; therefore, continuing exercise of jurisdiction appears improper pursuant to 28 U.S.C. § 1331. At best, jurisdiction might be predicated on supplemental jurisdiction principles of 28 U.S.C. § 1367, but those are discretionary and specifically allow for jurisdiction to be declined where all claims over which original jurisdiction exists have been dismissed. 28 U.S.C. § 1367(c)(3). It is the responsibility of defendant, as the removing party, to establish a basis for federal jurisdiction. *See, e.g., Plute v. Roadway Package System, Inc.*, 141 F. Supp.2d 1005, 1007 (N.D. Cal. 2001) ("the party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction"). Accordingly, defendant is hereby **ordered**, on or before **August 5, 2005**, to **show cause** why supplemental jurisdiction should be exercised pursuant to § 1367(c)(3) and/or why the exercise of federal subject matter jurisdiction remains warranted notwithstanding the withdrawal of plaintiff's federal causes of action.[2]

_____

[2]     For the sake of clarity, the Court's concerns do not emanate from the portion of 28 U.S.C. § 1447(c) which states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* Notwithstanding that statute's expansive language, the Eleventh Circuit has unequivocally held that "the amendments to § 1447(c) did not alter the fact that, in this case, *the district court must determine whether it had subject matter*

### C.    Conclusion.

For all of the foregoing reasons, plaintiff's Motion to Amend (doc. 4) is **granted** as a matter of right, pursuant to Rule 15(a), Fed.R.Civ.P., and all federal claims presented in plaintiff's original Complaint are hereby **dismissed with prejudice**.  The Clerk's Office is **directed** to docket as a separate pleading the proposed Amended Complaint appended to plaintiff's Motion.  Finally, in light of the jurisdictional concerns raised *sua sponte* by the Court, defendant is **ordered**, on or before **August 5, 2005**, to **show cause** why federal subject matter jurisdiction over this action remains warranted, notwithstanding plaintiff's abandonment of his federal claims.

DONE and ORDERED this 26th day of July, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

*jurisdiction at the time of removal*." *Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) (emphasis added); *see also Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002) (reaffirming the *Poore* holding).   Here, federal question jurisdiction undoubtedly did exist at the time of removal, such that remand under § 1447(c) would be improper.  Nonetheless, the fact remains that all claims over which federal courts possessed original jurisdiction have now been dismissed, placing this action squarely within the parameters of § 1367(c)(3).  It is on that issue that defendant's response to the show cause order should be focused.