IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DECORA A. SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL NO. 05-0429-WS-C |
| | ) |
| **WEST FACILITIES CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

Defendant West Facilities Corporation properly removed this action from the Circuit Court of Mobile County, Alabama to this District Court on July 22, 2005, on the ground that federal question jurisdiction was created by the Complaint's inclusion of causes of action under 42 U.S.C. §§ 1981, 1981a and 1988. Immediately after removal, however, and before defendant filed a responsive pleading, plaintiff Decorah A. Smith amended the Complaint as of right to withdraw, with prejudice, all of his federal causes of action, leaving only state law claims for breach of contract, promissory estoppel, fraudulent promissory estoppel, emotional distress and negligence. On July 26, 2005, the Court entered an Order (doc. 5) *sua sponte* expressing concern that, while removal had undoubtedly been proper, federal subject matter jurisdiction might no longer lie over the Amended Complaint absent a discretionary exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. On that basis, the July 26 Order directed defendant to show cause why supplemental jurisdiction should be exercised pursuant to § 1367 or, more generally, why federal subject matter jurisdiction remained proper notwithstanding the dismissal of plaintiff's federal claims.

In response to the Show Cause Order, defendant argues that federal jurisdiction continues to exist here pursuant to 28 U.S.C. §§ 1367 and 1332, despite plaintiff's abandonment of his federal statutory claims. With regard to § 1332, defendant presents evidence that West Facilities Corporation, the corporate entity named as a defendant herein, is not an Alabama citizen, but is actually a Delaware corporation with its principal place of business in Nebraska. (Defendant's Response, at Exh. A, ¶ 3.)

Defendant further offers evidence that West Facilities Corporation is not properly named as a defendant in this action because it never employed plaintiff, and that the proper defendant entity should be West Business Services, LP, which is a citizen of Nebraska, Texas and Delaware for diversity purposes.  (*Id.*, ¶ 2.)  Because plaintiff is an Alabama citizen, defendant argues, complete diversity exists as between plaintiff and West Facilities Corporation, as well as between plaintiff and West Business Services, LP.  Defendant further asserts that the amount in controversy exceeds $75,000, exclusive of interest and costs, inasmuch as plaintiff seeks to recover lost income (salary, bonuses, benefits) which defendant values at more than $72,000 per year and which has potentially accumulated for more than 13 months already, plus damages for mental anguish and punitive damages.[1]  Based on this showing, defendant requests that the Court "retain supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 and allow West to establish the independent basis for federal subject matter jurisdiction over these claims under § 1332."  (Defendant's Response, at 6.)[2]

One day after defendant submitted its response to the Show Cause Order, plaintiff submitted a Response (doc. 11) of his own.  In that document, plaintiff asserts that he "does not seek removal [*sic*] of this case back to state court," that he "concedes that the amount [in] controversy is in excess of

---

[1] In recounting these contentions regarding citizenship, the identity of the "proper" defendant(s), and amount in controversy, the Court makes no findings of fact and draws no legal conclusions.  Stated differently, the Court expresses no opinion as to whether West Facilities Corporation is a proper named defendant; whether West Business Services, LP, is a proper named defendant; what the citizenship of either of these entities may be; and whether the amount in controversy exceeds $75,000.  The Court expects the parties to investigate these issues during discovery and to bring appropriate motions as warranted by the results of their inquiry.

[2] Defendant also submitted a separate filing styled "Amendment to Notice of Removal" (doc. 9), in which he reiterates these jurisdictional allegations and contends that removal is proper under 28 U.S.C. §§ 1332 and 1441.  This submission is unnecessary because the Court has unequivocally found that removal was proper under 28 U.S.C. §§ 1331 and 1441.  Plaintiff's post-removal conduct of abandoning her federal causes of action cannot implicate the propriety of the removal itself.  Indeed, the question of interest at this juncture is not whether there was a valid jurisdictional basis for removal – there plainly was – but is rather whether the continuing exercise of federal jurisdiction remains permissible or appropriate given plaintiff's voluntary withdrawal with prejudice of her federal causes of action in the interim.

$75,000," and that "[d]iversity may very well be present." (Plaintiff's Response, at 1.)  Indeed, plaintiff indicates that he "is prepared to litigate his state claims in the forum chosen by the defendant." (*Id.*) Based on these concessions, the Court surmises that plaintiff does not object to the continuing exercise of federal jurisdiction over this action pursuant to § 1367, and that plaintiff has no reason to challenge the existence of diversity jurisdiction over this action pursuant to § 1332.

The federal questions on which subject matter jurisdiction was based having been eradicated, this Court remains empowered to exercise supplemental jurisdiction under § 1367 over all claims that "arise out of a common nucleus of operative fact with a substantial federal claim." *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997).  Based on its review of the pleadings, the Court readily concludes that plaintiff's § 1981 claims were substantial, and that his remaining state-law claims arise out of a common nucleus of operative fact with the § 1981 cause of action.  These prerequisites having been satisfied, the Court has discretion in deciding whether to continue to exercise supplemental jurisdiction over the state law claims. *See Tanner Advertising Group, L.L.C. v. Fayette County, Ga.*, 411 F.3d 1272, 1278 (11th Cir. 2005) (explaining that district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it had original jurisdiction); *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002) (observing that whether to continue to exercise supplemental jurisdiction is a decision that "should be and is vested in the sound discretion of the district court").  In exercising this discretion, a district court "should take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005) (citation omitted).[3]

Under the circumstances, the Court agrees with defendant that continuing exercise of supplemental jurisdiction in this case would serve the interests of fairness, judicial economy and convenience by enabling the parties to utilize discovery procedures to investigate and confirm whether diversity jurisdiction exists pursuant to § 1332 in an efficient, timely manner without undue shuttling

---

[3] Notwithstanding these considerations, the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

back and forth between state and federal fora.  The alternative -- remanding this action to state court for jurisdictional discovery as to whether diversity exists -- would be cumbersome, inefficient, and unfair, especially given the significant record evidence tending to show that the § 1332 requisites are present here.  Accordingly, and in light of plaintiff's failure to object, the Court exercises its discretion in favor of continuing to exercise supplemental jurisdiction over the state law causes of action in the Complaint pursuant to 28 U.S.C. § 1367.  To be clear, however, the Court is not finding that federal jurisdiction is proper for all time, or that perpetual exercise of supplemental jurisdiction is appropriate here.  Rather, the Court expects the parties promptly to explore jurisdictional issues related to defendant's diversity argument during discovery.  Should either party become aware of facts tending to show that diversity jurisdiction does not properly lie, that party is **ordered** to relate such information to the Court immediately via appropriate motion so that the issue of continuing exercise of supplemental jurisdiction may be revisited.  *See generally Tamiami Partners, Ltd. ex rel. Tamiami Development Corp. v. Miccosukee Tribe of Indians of Fla.*, 177 F.3d 1212, 1222 (11th Cir. 1999) ("It is well-settled that parties cannot create subject matter jurisdiction by agreement.").

In light of this disposition of the supplemental jurisdiction issue, the Court will not remand the action to state court for want of jurisdiction at this time.  As such, defendant's request for an award of attorney's fees in the event of a remand is **moot**.

DONE and ORDERED this 15th day of August, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE